Jonathan A. Dessaules, State Bar No. 019439
**DESSAULES LAW GROUP**
5353 North 16th Street, Suite 110
Phoenix, Arizona 85016
602.274.5400 (t)
602.274.5401 (f)
jdessaules@dessauleslaw.com

*Local-Counsel for Defendant Experian Information Solutions, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MICHELLE BEGAY,<br><br>          Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, and UNKNOWN PUBLIC RECORD VENDORS,<br><br>          Defendants. | Case No. 4:18-cv-00099-RM<br><br>**EXPERIAN INFORMATION SOLUTION, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

   NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff's Complaint as follows:

   Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to any other defendants or the actions of third-parties and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly,

Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

## PRELIMINARY STATEMENT

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiff has asserted claims against Experian seeking statutory, actual, and punitive damages, costs and attorney's fees pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Experian denies that it violated any of the laws relied on by Plaintiff and denies that Plaintiff is entitled to any relief against Experian whatsoever.

2. In response to paragraph 2 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 2 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 2 of the Complaint.

3. In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 3 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Complaint.

4. In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. As to the allegations in paragraph 4 of the Complaint that relate to the other defendants, Experian does

not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION

8. Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Experian states that this is a legal conclusion not subject to denial or admission.

9. Experian admits that Plaintiff has alleged that venue is proper in this Court. Experian states that this is a legal conclusion not subject to denial or admission. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation contained in paragraph 9 of the Complaint.

## PARTIES

10. In response to paragraph 10 of the Complaint, Experian admits, upon information and belief, that Plaintiff Michelle Begay is a natural person and "consumer" as defined by 15 U.S.C. § 1681a(c).

11. In response to paragraph 11 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Experian further admits that it is qualified to conduct business and does conduct business in the State of Arizona. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12. In response to paragraph 12 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 12 of the Complaint.

13. In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **FACTS**

18. In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint that relates to Experian. As to the allegations in paragraph 23 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 23 of the Complaint.

24. In response to paragraph 24 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27. In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 28 of the Complaint.

29. In response to paragraph 29 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 29 of the Complaint.

30. In response to paragraph 30 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian denies that its conduct or action was willful as alleged in paragraph 31 of the Complaint. Experian denies, generally and specifically, each and every remaining allegation of paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian admits that Plaintiff has alleged that Experian has been sued in *Soutter v. Experian Information Solutions, Inc.* listed in paragraph 33 of the Complaint. In further answer, Experian affirmatively states that the alleged lawsuit speaks for itself as to its claims, defenses, and legal effect, and on that basis, Experian denies any allegations of paragraph 33 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 33.

34. In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

35. In response to paragraph 35 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, Experian admits that Plaintiff has alleged that Experian has been sued in *FTC. V. TRW, Inc.*, 784 F. Supp. 361 (N.D. Tex. 1991). Experian also admits that Plaintiff has alleged that Experian has been sued in *TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991). In further answer, Experian affirmatively states that the alleged lawsuits speak for themselves as to its claims, defenses, and legal effect, and on that basis, Experian denies any allegations of paragraph 37 inconsistent

therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 37.

38. In response to paragraph 38 of the Complaint, Experian admits that Plaintiff has alleged that enforcement actions were brought in 1992 and 2016. In further answer, Experian affirmatively states that the alleged enforcement actions, once appropriately identified, would speak for themselves as to their claims, defenses, and legal effect, and on that basis, Experian denies any allegations of paragraph 38 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 38 that pertains to Experian. As to the allegations in paragraph 38 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

40. In response to paragraph 40 of the Complaint, Experian states that the allegations contained therein are so vague and ambiguous that Experian cannot reasonably formulate a response. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every allegation contained in paragraph 40 of the Complaint.

41. In response to paragraph 41 of the Complaint, Experian admits that Plaintiff has alleged that Experian and other credit bureaus have been sued in the lawsuits listed in paragraph 41 of the Complaint. In further answer, Experian affirmatively states that the alleged lawsuits speak for themselves as to their claims, defenses, and legal effect, and on that basis, Experian denies any allegations of paragraph 41 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 41 that pertains to Experian. As to the allegations in paragraph 41 of the Complaint that relate

to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Complaint.

42. In response to paragraph 42 of the Complaint, Experian denies that the listed lawsuits have been filed in this District and Division. In further answer, Experian affirmatively states that the alleged lawsuits speak for themselves as to their claims, defenses, and legal effect, and on that basis, Experian denies any allegations of paragraph 42 inconsistent therewith. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 42 that pertains to Experian. As to the allegations in paragraph 42 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 42 of the Complaint.

43. In response to paragraph 43 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

44. In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian denies that its conduct, action, or inaction was willful as alleged in paragraph 46 of the Complaint. Experian further denies that Plaintiff is entitled to any damages whatsoever pursuant to 15 U.S.C. § 1681n from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 46 of the Complaint.

47. In response to paragraph 47 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian states that the allegations contained therein are so vague and ambiguous that Experian cannot reasonably formulate a response.  Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every allegation contained in paragraph 48 of the Complaint.

49. In response to paragraph 49 of the Complaint, Experian states that the allegations contained therein are so vague and ambiguous that Experian cannot reasonably formulate a response.  Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every allegation contained in paragraph 49 of the Complaint.

50. In response to paragraph 50 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian admits that Experian sent Plaintiff a consumer disclosure dated April 7, 2017.  The consumer disclosure speaks for itself.  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies,

generally and specifically, each and every allegation contained therein.  As to the allegations in paragraph 54 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 54 of the Complaint.

55.   In response to paragraph 55 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56.   In response to paragraph 56 of the Complaint, Experian admits that it has contracted with a third party to gather public record information from the original sources of that information, such as public courthouses and government offices.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 56 that relates to Experian.  As to the allegations in paragraph 56 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 56 of the Complaint.

57.   In response to paragraph 57 of the Complaint, Experian admits that it has contracted with a third party to gather public record information from the original sources of that information, such as public courthouses and government offices.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 57 that relates to Experian.  As to the allegations in paragraph 57 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 57 of the Complaint.

58.   In response to paragraph 58 of the Complaint, Experian admits that it has contracted with a third party to gather public record information from the original sources of

that information, such as public courthouses and government offices. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 58 that relates to Experian. As to the allegations in paragraph 58 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 58 of the Complaint.

59.  In response to paragraph 59 of the Complaint, Experian admits that it has contracted with a third party to gather public record information from the original sources of that information, such as public courthouses and government offices. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 59 that relates to Experian. As to the allegations in paragraph 59 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 59 of the Complaint.

60.  In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61.  In response to paragraph 61 of the Complaint, Experian admits that it has contracted with a third party to gather public record information from the original sources of that information, such as public courthouses and government offices. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 61 that relates to Experian. As to the allegations in paragraph 61 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 61 of the Complaint.

62. In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 62 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 62 of the Complaint.

63. In response to paragraph 63 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, Experian admits that it provided Plaintiff with a consumer disclosure dated April 7, 2017. The consumer disclosure speaks for itself. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 65 and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 65 of the Complaint.

66. In response to paragraph 66 of the Complaint, Experian states that the allegations contained therein are so vague and ambiguous that Experian cannot reasonably formulate a response. Therefore, Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and on that basis denies, generally and specifically, each and every allegation contained in paragraph 66 of the Complaint that relates to Experian. As to the allegations in paragraph 66 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations

1  and, on that basis, denies, generally and specifically, each and every remaining allegation of
2  paragraph 66 of the Complaint.

3       67.    In response to paragraph 67 of the Complaint, Experian denies, generally and
4  specifically, each and every allegation contained therein that relates to Experian.  As to the
5  allegations in paragraph 67 of the Complaint that relate to the other defendants, Experian does
6  not have knowledge or information sufficient to form a belief as to the truth of these allegations
7  and, on that basis, denies, generally and specifically, each and every remaining allegation of
8  paragraph 67 of the Complaint.

9       68.    In response to paragraph 68 of the Complaint, Experian is without knowledge or
10 information sufficient to form a belief as to the truth of the allegations contained therein and, on
11 that basis, denies, generally and specifically, each and every allegation contained therein that
12 relates to Experian.

13      69.    In response to paragraph 69 of the Complaint, Experian denies that Plaintiff
14 suffered any damages as alleged in paragraph 69 of the Complaint as a result of Experian.
15 Experian further denies, generally and specifically, each and every remaining allegation of
16 paragraph 69 of the Complaint that relates to Experian.  As to the allegations in paragraph 69 of
17 the Complaint that relate to the other defendants, Experian does not have knowledge or
18 information sufficient to form a belief as to the truth of these allegations and, on that basis,
19 denies, generally and specifically, each and every remaining allegation of paragraph 69 of the
20 Complaint.

21      70.    In response to paragraph 70 of the Complaint, Experian denies, generally and
22 specifically, each and every allegation contained therein that relates to Experian.  As to the
23 allegations in paragraph 70 of the Complaint that relate to the other defendants, Experian does
24 not have knowledge or information sufficient to form a belief as to the truth of these allegations
25 and, on that basis, denies, generally and specifically, each and every remaining allegation of
26 paragraph 70 of the Complaint.

**COUNT ONE:**
**Violation of 15 U.S.C. § 1681e(b)**
**EXPERIAN, EQUIFAX & TRANS UNION**

71. Experian restates and incorporates its responses to the allegations contained in paragraphs 1 through 70 as if fully set forth herein.

72. In response to paragraph 72 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 72 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 72 of the Complaint.

73. In response to paragraph 73 of the Complaint, Experian denies that Plaintiff suffered any damages as alleged in paragraph 73 of the Complaint as a result of Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 73 of the Complaint that relates to Experian. As to the allegations in paragraph 73 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 73 of the Complaint.

74. In response to paragraph 74 of the Complaint, Experian denies that its conduct, action, or inaction was willful or negligent as alleged in paragraph 74 of the Complaint. Experian further denies that Plaintiff is entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 74 of the Complaint that relates to Experian. As to the allegations in paragraph 74 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these

allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 74 of the Complaint.

75. In response to paragraph 75 of the Complaint, Experian denies that Plaintiff is entitled to any damages whatsoever pursuant to 15 U.S.C. §§ 1681n and 1681o from Experian. Experian denies, generally and specifically, each and every remaining allegation of paragraph 75 of the Complaint that relates to Experian. As to the allegations in paragraph 75 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 75 of the Complaint.

Experian denies the relief sought in the demand for relief paragraph of the Complaint.

## RESPONSE TO DEMAND FOR JURY TRIAL

Experian admits that Plaintiff has demanded trial by jury on all issues triable.

## DEFENDANT EXPERIAN'S AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
(Truth/Accuracy Of Information)

Plaintiff's claims fail to the extent that they are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### THIRD AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

### FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others.

### FIFTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claim for punitive damages fails to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Experian states that punitive damages violate its constitutional rights under the Constitution of the United States of America and the Constitution of Arizona.

### SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Superceding Intervening Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff has failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE
### (Contributory/Comparative Fault)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### TENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)  That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)  For costs of suit and attorneys' fees herein incurred; and

(3)  For such other and further relief as the Court may deem just and proper.

Dated: May 3, 2018            Respectfully submitted,

   /s/ Jonathan A. Dessaules
Jonathan A. Dessaules, SBN 019439
DESSAULES LAW GROUP
5353 N. 16th Street, Suite 110
Phoenix, AZ  85016
Telephone:  (602) 274-5400
Facsimile:  (602) 274-5401
Email:  jdessaules@dessauleslaw.com

*Local Counsel for Defendant
Experian Information Solutions, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2018 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and for transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Susan Mary Rotkis
CONSUMER LITIGATION ASSOCIATES WEST, PLLC
Tucson, AZ 85701
Phone: 520-622-2481
Fax: 520-844-6706
srotkis@clalegal.com
*Attorney for Plaintiff*

Lisa C. Thompson
THOMPSON LAW GROUP, P.C.
2321 E. Speedway Blvd.
Tucson, AZ 85719
Phone: 520-882-5633
Fax: 520-745-0616
lisa@thompsonlawgroup.com
*Attorney for Plaintiff*

/s/ Heather Johnson Pries